UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cheryl Hoffman

    Plaintiff,

v.

Allied Building Service Company of Detroit,
a Michigan corporation,

    Defendant.

Case No.:

Hon.

---

PITT MCGEHEE PALMER BONANNI & RIVERS P.C.
Channing Robinson-Holmes (P81698)
Robert W. Palmer (P31704)
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
crobinson@pittlawpc.com
rpalmer@pittlawpc.com

## **COMPLAINT AND JURY DEMAND**

Plaintiff, Cheryl Hoffman, by and through her attorneys, Pitt, McGehee, Palmer Bonanni & Rivers P.C., files the following Complaint against Defendant, Allied Building Service Company of Detroit ("ABS") and states as follows:

### **JURISDICTION, VENUE AND PARTIES**

1. This wrongful discharge case is asserted by Plaintiff and is based on age and gender discrimination and retaliation brought pursuant to the Age

Discrimination in Employment Act, ("ADEA") 29 U.S.C. § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII").

2. The jurisdiction of this Court over this controversy is based on 28 U.S.C. §1331, to enforce the provisions of the ADEA and Title VII.

3. Venue is proper in the Eastern District of Michigan, Southern Division, because the events giving rise to the action occurred in this district and division, and all parties reside in or operate within this district.

4. Defendant Allied Building Services ("Defendant" or "ABS") is a Michigan corporation located at 1801 Howard St. in Detroit, Michigan.

5. Defendant was at all times relevant hereto responsible for all personnel decisions related to Plaintiff's employment, including the decision to terminate Plaintiff's employment.

6. Defendant is a corporation that transact business and perform services in the State of Michigan.

7. Plaintiff, Cheryl Hoffman ("Hoffman" or "Plaintiff"), was employed with Defendant and, at all times relevant to this action, a citizen of the United States.

8. Prior to the filing of this lawsuit, Hoffman filed a timely written charge of age and gender discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

9. On May 13, 2021, the EEOC issued a notice of right-to-sue letter.

## FACTUAL ALLEGATIONS

10. Ms. Hoffman was hired by Allied Building Services ("ABS"), on or about January 5, 2004 as a New Business Development Manager at its location in Detroit, Michigan, selling janitorial services.

11. Ms. Hoffman left ABS on or about October 6, 2008 to care for her ailing sister and returned to ABS, as an Account Manager, on or about December 6, 2010.

12. Upon her rehire as an Account Manager in 2010, Ms. Hoffman was responsible for selling janitorial and building maintenance services and earned an annual base salary of $38,000.00 and 2% commission.

13. Throughout the course of her employment, Ms. Hoffman never received any disciplinary actions or poor performance evaluations.

14. Throughout the course of her employment, Ms. Hoffman excelled in her position and generated significant profit for ABS.

### Ms. Hoffman's Salary is Involuntarily Reduced

15. In early January of 2018, ABS owner, Antonino Scappaticci ("Scappaticci"), age 45, met with Ms. Hoffman.

16. During the meeting, Scappaticci asked Ms. Hoffman when she intended to retire. Ms. Hoffman answered that she intended to continue

working as long as she was able and referenced a former employee, Bob Mogge, who worked until he was 73 years old. Scappaticci responded, "No, you're leaving at 65."

17. During the meeting, Scappaticci advised Ms. Hoffman that her salary would be gradually reduced beginning in July of 2018, the month she turned 62 years old.

18. Scappaticci warned Ms. Hoffman that she needed to agree to a pay reduction because he could fire her if she did not.

19. Subsequently, on January 18, 2018, Scappaticci e-mailed Ms. Hoffman:

> "Cheryl,
>
> As we discussed, we will continue to pay 2% of your accounts until **retirement in 4 years, (or sooner if you stop working sooner)**.
>
> We will change your base salary as outlined below – **to diminish it to a low amount over the next two years.**
>
> - July 1st 2018 Reduce bi weekly pay check to the equivalent of an annual salary of 27,000.00
> - Jan 1st 2019 Reduce bi weekly pay check to the equivalent of an annual salary of 18,000.00
> - July 1st 2019 Reduce bi weekly pay check to the equivalent of an annual salary of 9,000.00
>
> So this means you need to SELL MORE STUFF.
>
> We will continue with this reduction in base salary and commission plan UNLESS it is deemed that we are not gaining leads for the AM

4

> team. If leads are not generated, then we will look into removing old accounts OR reducing the percentage, which we both agreed we hope is not the case.
>
> Please reply back stating you agree and I will then file it away.
>
> And THANK YOU for all that you do and for being a great PERSON.
>
> ATS" (emphasis added).

20. Ms. Hoffman's salary was gradually reduced consistent with Scappaticci's January 18, 2018 e-mail.

21. Thereafter, Ms. Hoffman sought to talk to Scappaticci about her salary reduction several times, but Scappaticci brushed off her requests.

22. Upon information and belief, Scappaticci's decision to decrease Ms. Hoffman's salary was because of her age and gender.

23. Upon information and belief, Ms. Hoffman's younger peers did not suffer pay decreases.

24. Upon information and belief, Ms. Hoffman's male peers did not suffer pay decreases.

25. By the end of 2019, Ms. Hoffman's annual salary had been reduced to $9,000.00.

### Ms. Hoffman Complains of Age and Gender Discrimination

26. On January 24, 2020, Ms. Hoffman e-mailed Scappaticci stating:

5

". . . Despite my excellent performance, my salary has been gradually reduced beginning July of 2018, when I turned 62 years old. I do not feel that my pay reduction is fair or reflective of my work for this company. Furthermore, I do not believe that my younger male co-workers are paid similar rates of compensation.

- - -

I did not want my salary to be gradually, and drastically, reduced to what it currently it is. I believe my younger male co-workers are paid better than I am and that **my pay rate has been so reduced because of my age and gender**.

I love my job and want to continue working for this company. I would like for my base salary rate to return to what it was in 2018 – $38,000. Without earning this base salary, I have been thrown into fiscal distress, which is causing me incredible stress and despair." (emphasis added)

27. On or about February 11, 2020, Scappaticci and Ms. Hoffman met to discuss her e-mail of January 24, 2020.

28. During the meeting, Scappaticci expressed his frustration with Ms. Hoffman for sending him the January 24th e-mail, angrily asked her, "Why are you doing this to me?" and called her a "liar."

29. Scappaticci did not at all address Ms. Hoffman's complaint that she was being treated differently because of her age and gender.

30. On February 25, 2020, Scappaticci and Ms. Hoffman again met to discuss her e-mail of January 24, 2020.

31. During the meeting, Scappaticci angrily asked Ms. Hoffman, "How can I continue to work with a person I can't trust?" and suggested that they "part ways," which prompted Ms. Hoffman to dissolve into tears.

32. Scappaticci suggested that the two of them could come to a new agreement regarding her pay scale, however, he conditioned this upon Ms. Hoffman retracting her e-mail of January 24, 2020.

33. On March 2, 2020, Ms. Hoffman notified Scappaticci that she could not recant her e-mail of January 24, 2020 and again expressed her hope that they could amicably resolve the situation.

34. On March 22, 2020, Ms. Hoffman was laid off and returned to work on April 21, 2020.

35. Upon Ms. Hoffman's return to work on April 21, 2020, she was transferred to the Business Development Group, under the supervision of Matthew Guyot ("Guyot").

### Ms. Hoffman is Terminated

36. On June 4, 2020, Guyot and a human resources representative, Ashley Forton, called Ms. Hoffman and notified her of her termination.

37. According to Ms. Hoffman's termination paperwork, she was terminated because "[t]he relationship is no longer healthy."

38. Based on information and belief, the stated reason for Ms. Hoffman's termination was directly linked to her complaint of age and gender discrimination.

39. Based on information and belief, Ms. Hoffman's termination was motivated by her age, gender, and complaint of age and gender discrimination.

40. Based on information and belief, Scappaticci terminated another female employee over 60 years old, LeeAnne Snow, on or about January of 2020, purportedly for a breakdown in their relationship.

41. Based on information and belief, Defendant replaced Ms. Hoffman with Kellie Wargnier, who is currently 25 years old.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE
## AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

42. Plaintiff incorporates by reference all the allegations contained above as though stated in full herein.

43. At all times relevant to this action, Defendant was Plaintiff's employer and Plaintiff was an employee within the terms of the ADEA.

44. At all times relevant to this action, Defendant was prohibited under the ADEA from making any employment decisions regarding Plaintiff which were motivated by Plaintiff's age.

45. In violation of this duty, Plaintiff was terminated because of her age.

46. Upon information and belief, Plaintiff was replaced by a significantly younger employee.

47. The reasons given for Plaintiff's termination were pretextual in nature.

48. As a direct and proximate result of Defendant's age discrimination, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, humiliation, physical injury, embarrassment, and emotional distress resulting from the discriminatory conduct of the Defendant.

Accordingly, Plaintiff requests the following relief:

A. An order reinstating Plaintiff to her former position or a comparable position.

B. An order awarding Plaintiff past and future economic and emotional damages;

C. An order awarding Plaintiff liquidated damages as provided for under the ADEA.

D. An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under the ADEA.

E. An order granting Plaintiff such other relief as the court deems just and equitable.

## COUNT II
## RETALIATION IN VIOLATION OF THE
## AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

49. Plaintiff incorporates by reference all the allegations contained above as though stated in full herein.

50. At all times relevant to this action, Defendant was Plaintiff's employer and Plaintiff was an employee within the terms of the ADEA.

51. At all times relevant to this action, Defendant was prohibited under the ADEA from making any employment decisions regarding Plaintiff which was motivated by Plaintiff's complaints of unlawful discrimination, including but not limited to Plaintiff's January 24, 2020 complaint of unlawful age and gender discrimination.

52. In violation of this duty, Plaintiff was terminated in retaliation for complaining of unlawful discrimination.

53. The reasons given for Plaintiff's termination were pretextual in nature.

54. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer lost wages and other economic advantages of employment, mental anguish, humiliation, physical injury, embarrassment, and emotional distress.

Accordingly, Plaintiff requests the following relief:

    A.   An order reinstating Plaintiff to her former position or a comparable position;

    B.   An order awarding Plaintiff past and future economic and emotional damages;

    C.   An order awarding Plaintiff liquidated damages as provided for under the ADEA;

    D.   An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under the ADEA;

    E.   An order granting Plaintiff such other relief as the court deems just and equitable.

## COUNT III
## GENDER DISCRIMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (TITLE VII)

55. Plaintiff incorporates by reference all the allegations contained above as though stated in full herein.

56. At all times relevant to this action, Defendant was Plaintiff's employer and Plaintiff was an employee within the terms of Title VII.

57. At all times relevant to this action, Defendant was prohibited under Title VII from making any employment decisions regarding Plaintiff which were motivated by Plaintiff's gender.

58. In violation of this duty, Plaintiff was terminated because of her gender.

59. The reasons given for Plaintiff's termination were pretextual in nature.

60. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer lost wages and other economic advantages of employment, mental anguish, humiliation, physical injury, embarrassment, and emotional distress.

Accordingly, Plaintiff requests the following relief:

A. An order reinstating Plaintiff to her former position or a comparable position;

B. An order awarding Plaintiff past and future economic and emotional damages;

C. An order awarding Plaintiff liquidated damages as provided for under Title VII;

D. An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under Title VII;

E. An order granting Plaintiff such other relief as the court deems just and equitable.

## COUNT IV
## RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (TITLE VII)

61. Plaintiff incorporates by reference all the allegations contained above as though stated in full herein.

62. At all times relevant to this action, Defendant was Plaintiff's employer and Plaintiff was an employee within the terms of Title VII.

63. At all times relevant to this action, Defendant was prohibited under Title VII from making any employment decisions regarding Plaintiff which was motivated by Plaintiff's complaints of unlawful discrimination, including but not limited to Plaintiff's January 24, 2020 complaint of unlawful age and gender discrimination.

64. In violation of this duty, Plaintiff was terminated in retaliation for complaining of unlawful discrimination.

65. The reasons given for Plaintiff's termination were pretextual in nature.

66. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer lost wages and other economic advantages of employment, mental anguish, humiliation, physical injury, embarrassment, and emotional distress.

Accordingly, Plaintiff requests the following relief:

A. An order reinstating Plaintiff to her former position or a comparable position;

B. An order awarding Plaintiff past and future economic and emotional damages;

C. An order awarding Plaintiff liquidated damages as provided for under Title VII;

D. An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under Title VII;

E. An order granting Plaintiff such other relief as the court deems just and equitable.

Respectfully submitted,

PITT McGEHEE PALMER BONANNI & RIVERS, P.C.

By: s/ Channing Robinson-Holmes
Channing Robinson-Holmes (P81698)
Robert W. Palmer (P31704)
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
crobinson@pittlawpc.com
rpalmer@pittlawpc.com

Dated: June 14, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cheryl Hoffman

    Plaintiff,

v.

Allied Building Service Company of Detroit,
a Michigan corporation,

    Defendant.

Case No.:
Hon.

---

PITT MCGEHEE PALMER BONANNI & RIVERS P.C.
Channing Robinson-Holmes (P81698)
Robert W. Palmer (P31704)
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
crobinson@pittlawpc.com
rpalmer@pittlawpc.com

---

## **JURY DEMAND**

Plaintiff herein demands a trial by jury of all issues to the within cause of action.

        Respectfully submitted,

        PITT McGEHEE PALMER BONANNI & RIVERS, P.C.

        By:  s/ Channing Robinson-Holmes
             Channing Robinson-Holmes (P81698)
             Robert W. Palmer (P31704)
             Attorneys for Plaintiff
             117 W. Fourth Street, Suite 200
             Royal Oak, MI 48067
             (248) 398-9800
             crobinson@pittlawpc.com
             rpalmer@pittlawpc.com

Dated: June 14, 2021

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Cheryl Hoffman

### DEFENDANTS
Allied Building Service Company of Detroit

**(b)** County of Residence of First Listed Plaintiff: Macomb
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Channing Robinson-Holmes (P81698)
117 W. 4th Street, Ste. 200
Royal Oak, MI 48067 - (248) 398-9800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 29 U.S.C. § 623

Brief description of cause: Age and gender discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Annette Berry
DOCKET NUMBER: 20-015201-CD

DATE: June 14, 2021
SIGNATURE OF ATTORNEY OF RECORD: s/Channing Robinson-Holmes

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.